IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40228
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SINECIO VALADEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-98-CR-747-ALL
--------------------
February 9, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Sinecio Valadez appeals his conviction and sentence for transporting an illegal alien within the United States.  Valadez asserts that the district court erred in admitting evidence regarding a large sum of cash found in his vehicle, as such evidence was irrelevant and unfairly prejudicial, and his prior statement that he intended to transport his relatives in a trailer, as such was inadmissible character evidence.  Valadez

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

further asserts that the evidence was insufficient to support his conviction and that the district court erred in refusing to grant him an offense-level reduction pursuant to U.S.S.G. § 2L1.(b)(1).

This Court generally reviews a district court's evidentiary rulings for abuse of discretion. United States v. Cantu, 167 F.3d 198, 203 (5th Cir.), cert. denied, 120 S.Ct. 58 (1999). However, because Valadez failed to renew his motion in limine's objection to the evidence regarding the large sum of cash found in his vehicle prior to the introduction of trial testimony regarding such cash, review is for plain error. See United States v. Graves, 5 F.3d 1546, 1551 (5th Cir. 1993). After reviewing the record and the parties' briefs, we find that the district court did not plainly err in admitting evidence of the large sum of cash found in Valadez's vehicle. See id.

The district court did not abuse its discretion in admitting evidence of Valadez's prior statement regarding his intent to transport his relatives in a trailer. That evidence was highly probative regarding Valadez's intent to commit the instant offense, which Valadez had placed at issue by pleading not guilty, and the evidence's probative value was not substantially outweighed by the danger of undue prejudice. See United States v. Chavez, 119 F.3d 342, 346 (5th Cir. 1997). Moreover, Valadez failed to demonstrate that the admission of the prior statement affected his substantial rights. See United States v. Hall, 152 F.3d 381, 402 (5th Cir. 1998).

Valadez's challenge to the sufficiency of the evidence is also without merit. Viewing the evidence and all reasonable

inferences to be drawn from it in the light most favorable to the jury's verdict, as we must, the evidence was sufficient to support Valadez's conviction.  See United States v. Gourley, 168 F.3d 165, 168-69 (5th Cir.), cert. denied, 120 S. Ct. 72 (1999).

Finally, the district court did not clearly err in finding that Valadez committed the instant offense for profit and, thus, was not entitled to the § 2L1.1(b)(1) offense-level reduction for offenses committed other than for profit.  See United States v. Parker, 133 F.3d 322, 329-30 (5th Cir.), cert. denied, 523 U.S. 1142 (1998).

AFFIRMED.